# UNITED STATES DISTRICT COURT
## for the
## 5th Circuit of The Southern Mississippi

### COMPLAINT AND REQUEST FOR INJUNCTION

I. The Parties to This Complaint

   A. The Plaintiff -

      Zorri N. Rush
      6912 Mount Vernon Rd
      Eupora / Webster
      MS  39744
      662 753 1249
      zorrirush@hotmail.com



3:19cv130DPJ-FKB



SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 19 2019
BY_____ARTHUR JOHNSTON_____DEPUTY

   B. The Defendants -

      1. Webster County Department of Human Services
         SNAP DIVISION
         319 E Gould Ave / PO Drawer E
         Eupora / Webster
         MS  39744
         662-258-4771
         dfo.webstercounty@mdhs.ms.gov

      2. Annie Patterson
         SNAP DIRECTOR
         319 E Gould Ave / PO Drawer E
         Eupora / Webster
         MS  39744
         662-258-4771
         dfo.webstercounty@mdhs.ms.gov

      3. Ann Hitt
         SNAP CASE WORKER
         319 E Gould Ave / PO Drawer E
         Eupora / Webster
         MS  39744
         662-258-4771
         dfo.webstercounty@mdhs.ms.gov

## II. JURISDICTION

The defendants refused to address allegations of gross negligence and violations of federal law that have caused irreparable damages in violation of 9 USC 4: Failure to arbitrate under agreement.

Standard form 95 (Claim for damage injury or death) was prepared and hand delivered and emailed to the local office in Eupora and U.S. Congressman Trent Kelly has been asked to inform the appropriate committees of the plaintiff's intent to seek damages caused by the gross negligence and ongoing fraud.

It is unreasonable to expect further interactions with the defense without the benefit of legal presence after an assault that will not be investigated due to strained relationships between the plaintiff and the Mississippi Attorney General Office. However, the plaintiff has been subject to a denial of medical services all over the state of Mississippi and the IRS has been notified in accordance with 42 USC 2651 to ensure recovery of any federal funding from transactions arising from violations of federal laws.

42 USC 5055 explains the application of federal law in detail and may set precedent for the rights of individuals to act as volunteers in our state without being deemed employees of the United States by courts or congress. Therefore as a volunteer the plaintiff submits his complaint in the hopes of exposing the potential for gross negligence in this case to have affected to lives of others subject to this administrative behaviour.

Joinder possibility dictates the attorney general of Mississippi and several government administrators in the southern district may be responsible for the defense and it is in the best interest of all parties to pursue this case in the southern district even with events occuring in the northern district. The implications of this case may be used for additional proceedings in the southern district.

## III. STATEMENT OF CLAIM

In 2007 a health diagnosis revealed the plaintiff was no longer able to earn enough for basic needs including food and was referred by healthcare providers to the food stamp or SNAP program for nutrition assistance and given a nutrition plan. Adherence to the nutrition plan was critical to achieving health goals and was thoroughly monitored. At the time, health concerns were expected to progress and stabilize.

In 2014, plaintiff discovered a lack of substantial gainful work activity or growth after years of unsuccessful work attempts due to health disparities. Plaintiff applied to have access to disability insurance and began to learn more about reporting responsibilities of expenses and how they related to benefits in the federally run nutrition programs. It was apparent the standard deduction in federal programs was not an accurate reflection of what happened in the food stamp or SNAP programs for the plaintiff personally. Therefore, the plaintiff became

increasingly concerned when the reported itemized expenses were being changed on the interim reports prepared by local caseworkers.

After escalating a complaint regarding a grossly understated claim regarding income exclusions related to shelter costs, it was determined by the United States Department of Agriculture that mistakes had been made by the local caseworker and a federal representative ordered corrections. Instead of making the corrections the director of the local office, Annie Patterson, reassigned my case to Anne Hitt who made changes but they actually eliminated the shelter costs exclusions altogether.

It was reported to the United States Department of Agriculture that the ordered corrections had not been carried out. The United States Department of Agriculture then escalated the complaint through administration and it was then revealed the department had no way to verify individual account information since the grants were awarded based on demographics gathered from information provided by local caseworkers on these interim reports. I could easily prove my interim report was incorrect and apparent intentional fraud but the state of Mississippi was responsible for investigating the individual claim and never did.

Once again the complaint escalated through the fraud hotlines and the Director of the entire Department of Human Services who also refused to respond or communicate regarding the interim report that was still using fraudulent information for grant applications. A notice has been delivered to the local office of an intent to seek damages in the case of the plaintiff who alleges the fraudulent entries on his interim report were transferred to other federal programs and adversely affected benefit accessibility.

One of these specific actions causing damages includes informing the caseworker Anne Hitt and director Annie Patterson of domestic violence at the current temporary address that needed immediate attention. The case was never referred the case and a reduction of $1 cost of living adjustment was imposed that appeared to be retaliation for my complaint. This now leaves my SNAP interim report claiming I only spend $15 per month on food and only awards $15 as a supplement for those costs. The costs are actually more than $200 as was verified in the application to proceed en forma pauper for this case. This creates a $185 discrepancy in agency reporting for my case alone and reveals the blatant fraud and grossly negligent performances by staff leadership that defrauds America and abuses the most vulnerable of American population

## IV. RELIEF

The plaintiff petition to United States court having jurisdiction for order to compel arbitration is for relief in the following form

1. Issue Summons ordering the defendants to appear before the court.
2. Order the defendants to submit a certified copy of the transcript and record, including evidence regarding filing and processing of complaint regarding violation of Americans

with Disabilities Act filed by plaintiff and any responses or conclusions related to the matter used during period voucher was allowed to expire.
3. Grant any further relief as may be just and proper under the circumstances of the case.

*Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.*

**Date of signing:** the 15th day of February 2019

**Signature of Plaintiff** _____ s/Zorri N. Rush_____

**Printed Name of Plaintiff** _____ Zorri N. Rush_____